RATTET PASTERNAK, LLP
Proposed Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400
Robert L. Rattet
Dawn Kirby Arnold

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

                                         Chapter 11

ANGELO & MAXIE'S LLC,                   Case No. 11-11112 (SCC)

                     Debtor.
------------------------------------------------------------------X

## DEBTOR'S MOTION (I) REQUESTING USE OF CASH COLLATERAL PURSUANT TO § 363(c)(2) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001, (II) AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL ON AN EMERGENCY BASIS PENDING SUCH INTERIM HEARING, (III) SCHEDULING A FINAL HEARING AND (IV) GRANTING RELATED RELIEF

**TO:    THE HONORABLE SHELLEY C. CHAPMAN,
       UNITED STATES BANKRUPTCY JUDGE:**

        The above-captioned debtor and debtor-in-possession (the "Debtor"), by its proposed attorneys, Rattet Pasternak, LLP hereby submit this motion (the "Motion") for authority to, *inter alia*, use the cash collateral of Capital One, N.A. ("Capital One") on an interim and final basis. In support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION

        1.    The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The statutory bases for the relief requested herein are §§ 363(c)(2) and 361 of Title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code")  and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

<b><u>BACKGROUND</u></b>

3.     On March 14, 2011 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code.

4.     The Debtor has continued in possession of its business and management of its property pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5.     No trustee, examiner or creditors' committee has been heretofore appointed in this proceeding.

6.     The Debtor own and operates a popular white table cloth steakhouse restaurant located at 233 Park Avenue South at 19th Street, New York, New York.

<b><u>THE DEBTOR'S PRE-PETITION SECURED DEBT</u></b>

7.     On or about November 30, 2004, the Debtor executed a note (the "Note") permitting the Debtor to borrow up to an aggregate amount of $4,000,000 and security agreement (the "Security Agreement") with Capital One, N.A. as successor to North Fork Bank ("Capital One") (the Note, together with the Security Agreement, collectively the "Capital One Loan Agreement"). A copy of the Capital One Loan Agreement and UCC-1 Financing Statements are annexed hereto as **Exhibit "A".**

8.     The Debtor's repayment obligations under Capital One Loan Agreement is secured by first priority liens and security interest in all of the Debtor's property and assets, wherever located and whether not owned or existing or hereafter acquired or arising by virtue of

a Commercial Security Agreement or Agreements and UCC-1 Financing Statements, including those filed on or about September 21, 2007, and September 28, 2009 (the "Capital One Collateral").

9.     Capital One has asserted that the liens and security interests granted to Capital One were duly perfected and the Debtor agrees and acknowledges that Capital One's liens and security interests in the above described Capital One Collateral are senior and superior in time and right to all other liens and security interests in the Capital One Collateral except for perfected mechanic's liens or purchase money security interests, if any.

10.    As of the Filing Date, the outstanding aggregate amounts due Capital One from the Debtor under the Capital One Loan Agreement is approximately $1,650,000.00.

## RELIEF REQUESTED AND BASIS FOR RELIEF

11.    The Debtor submits this Motion for authority to use property which may constitute cash collateral in which Capital One may asserted a security interest in said cash collateral, substantially in accordance with the terms and conditions set forth in the proposed Stipulation and Order Authorizing Interim Use of Cash Collateral and Granting Adequate Protection (the "Stipulation") attached hereto as **Exhibit "B"**.  The Debtor believes that Capital One is the only parties that has a perfected security interest in the Debtor's property which may constitute Cash Collateral.

12.    The proposed Stipulation grants the Debtor the authority to use cash collateral pursuant to §§363 (c)(1) and (2) of the Bankruptcy Code and Bankruptcy Rule 4001(c) to the extent necessary to continue the operation of its business and to preserve the value of its estate pending a final hearing.

13.    § 363(a) of the Bankruptcy Code states as follows:

> "In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of properties subject to a security interest as provided in Section 552(b) of this title, whether existing before or after the commencement of a case under this title."

14. § 363(c)(1) of the Bankruptcy Code provides as follows:

> "(c)(1) If the business of the debtor is authorized to be operated under section 721, 1108, 1304, 1203, or 1204 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing".

15. § 363(d) of the Bankruptcy Code provides as follows:

> "(d) The trustee may use, sell, or lease property under subsection (b) or (c) of this section only to the extent not inconsistent with any relief granted under section 362(c), 362(e), or 362(f) of this title".

16. Accordingly, pursuant to § 363(c)(2) of the Bankruptcy Code, the consent of Capital One or authority from this Court is required to use cash collateral in which the Capital One holds a perfected security interest.

17.    The purpose of adequate protection is to ensure that the secured creditor receives the value for which it bargained pre-bankruptcy. In re Swedeland Development Group, Inc., 16 F.3d 552 (3rd Cir. 1994); In re Dunes Casino Hotel, 69 B.R. 784, 793 (Bankr, D.N.J. 1986), citing In re Coors of the Cumberland, 19 B.R. 313 (Bankr. M.D. Tenn. 1982) See In re 495 Central Park Ave. Corp., 136 B.R. 626 (Bankr. S.D.N.Y. 1992).  Adequate protection is designed to safeguard the secured creditor from diminution in the value of its interest during the Chapter 11

reorganization. <u>In re Nice,</u> 355 B.R. 554, 563 (Bankr. N.D. Va. 2006) ("adequate protection is solely a function of preserving the value of the creditor's secured claim as of the petition date due to a debtor's continued use of the collateral").

18.     Because the term "adequate protection" is not defined in the Bankruptcy Code, the precise contours of the concept are necessarily determined on a case-by-case basis. <u>MBank Dallas, N.A. v. O'Connor (In re O'Connor)</u>, 808 F.2d 1393 (10th Cir. 1987). <u>In re Snowshoe Co.,</u> 789 F.2d 1085, 1088 (4th Cir. 1086); <u>In re Mosello,</u> 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996); <u>In re Beker Industries Corp.</u>, 58 B.R. 725 (Bankr. S.D.N.Y. 1986); see also <u>In re JKJ Chevrolet, Inc.</u> 190 B.R. 542, 545 (Bankr. E.D.Va. 1995) (adequate protection is a flexible concept that is determined by considering the facts of each case).

19.     The Stipulation provides that in addition to the existing rights and interests of Capital One and for the purpose of adequately protecting Capital One from Collateral Diminution[1], Capital One is hereby granted respective replacement liens (the "<u>Replacement Liens</u>") in the Capital One Collateral, to the extent that the lien was valid, perfected and enforceable as of the Filing Date in the continuing order of priority of the Pre-Petition Lien without determination herein as to the nature, extent and validity of said pre-petition liens and claims and to the extent Collateral Diminution occurs during the Chapter 11 case, subject to: (i) the claims of Chapter 11 professionals duly retained and to the extent awarded pursuant to §§ 330 or 331 of the Bankruptcy Code or pursuant to any monthly fee order entered in the Chapter 11 case; (ii) United States Trustee fees pursuant to 28 U.S.C. Section 1930 and 31 U.S.C. Section

---

[1] For purposes of the Stipulation, "Collateral Diminution" shall mean any diminution in value of the Capital One's interests in Debtor's property as of the Filing Date by reason of Debtor's use of Cash Collateral in accordance with the Stipulation.

3717; (iii) the payment of any claim of any subsequently appointed Chapter 7 Trustee to the extent of $20,000; and (iv) estate causes of action and the proceeds of any recoveries of estate causes of action under §§ 542 through 553 of the Bankruptcy Code.

20.     In addition to the liens and security interests proposed to be granted pursuant hereto, as further adequate protection of Capital One's interests, the Debtor shall, commencing on April 15, 2011 make adequate protection payments in an amount equal to the monthly interest due on the outstanding sums due under the Capital One Loan Agreements at the non-default contract rate of interest provided thereunder, such payment to be subject to reallocation under §506 of the Bankruptcy Code.

21.     The proposed adequate protection to Capital One is appropriate because it is designed to protect the Capital One against diminution in the value of Capital One's interest in the Cash Collateral.  As such, under the terms and provisions of the Stipulation, Capital One's interest in the Cash Collateral is adequately protected.

22.     The Debtor proposes to use the Cash Collateral only for ordinary and necessary operating expenses substantially in accordance with the operating budget to be annexed to the Stipulation (the "Budget").  The Debtor believes that the Budget includes all reasonable, necessary and foreseeable expenses to be incurred in the ordinary course of business for the period set forth in the Budget.  The Debtor believes that the use of cash collateral in accordance with the Budget will provide the Debtor with adequate liquidity to pay administrative expenses as they become due and payable during the period covered by the Budget.

## REQUEST FOR WAIVER OF STAY

23.     The Debtor further seeks a waiver of the stay of the effectiveness of the

Stipulation that may be imposed by any applicable Bankruptcy Rule.  As set forth above, the use

of cash collateral is essential to prevent potentially irreparable damage to the Debtor's operations,

value and ability to reorganize.  Accordingly, the Debtor submits that sufficient cause exists to

justify a waiver of any stay imposed by the Bankruptcy Rules, to the extent applicable.

## NOTICE

24.     This Motion will be served on notice to all parties asserting secured claims against

the Debtor, and all other parties entitled to notice pursuant to Bankruptcy Rule 4001(d) and in

accordance with the Order Scheduling Hearing on Shortened Notice.

**WHEREFORE**, the Debtor respectfully requests the Court approve and authorize the

Debtor's use of Cash Collateral pursuant to and in accordance with this Motion and the

Stipulation, together with such other and further relief as is just and proper under the

circumstances.

Dated: Harrison, New York
       March 16, 2011

                          RATTET PASTERNAK, LLP
                          Proposed Attorneys for the Debtor
                          550 Mamaroneck Avenue
                          Harrison, New York 10528
                          (914) 381-7400


                          By: */s/ Robert L. Rattet*_____
                              Robert L. Rattet